UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GANT, *Pro Se*,

    Plaintiff,

v.

GLORIA PETERSON, UNION PRESIDENT
AFSCME LOCAL 1583 UNION COUNCIL 25
AFL-CIO,

    Defendant.

Case No. 12 – 14721

Hon. Bernard A. Friedman
Mag. Judge Laurie J. Michelson

_____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [15]

Thirteen years ago, Plaintiff Joseph Gant ("Plaintiff") was fired from his custodian job at the University of Michigan. He subsequently sued the University for discrimination and sued his Union, the American Federation of State, County, and Municipal Employees ("AFSCME"), Local 1583, Council 25, for breach of the duty of fair representation in connection with Plaintiff's efforts to challenge his discharge. Defendants prevailed in those lawsuits. Now, more than a decade later, Plaintiff has filed a new lawsuit against the President of the Union, Gloria Peterson ("Defendant"), arising out of that same discharge. All pretrial matters have been referred to this Court. (Dkt. 6.) For the reasons set forth below, this Court RECOMMENDS that Defendant's Motion to Dismiss (Dkt. 15) be GRANTED.

### I.    BACKGROUND

Plaintiff is proceeding *pro se*. His Complaint attempts to describe his employment history and problems with his Union, but does so in a general and conclusory manner that is difficult to follow. After reviewing the publicly available opinions on Plaintiff's prior cases and the parties' briefing on Defendant's Motion to Dismiss, the Court is able to piece together the following factual

background.

In 1979, Plaintiff was hired as a custodian for the University of Michigan Health Systems Environmental Services Department. (Dkt. 1, Compl. at 2; Dkt. 18, Def. Reply, Ex. 1 Not. of Discharge).[1] During his employment, he applied on several occasions for promotions to positions as a machine repairperson and a maintenance mechanic, and filed charges with the EEOC and the Michigan Department of Civil Rights concerning his employer's failure to promote him to these positions and his union's alleged failure to fairly represent him in related arbitration proceedings. *Gant v. Univ. of Mich. Hosp.*, No. 98-2090, 1999 U.S. App. LEXIS 29688 (6th Cir. Nov. 4, 1999). Plaintiff was ultimately discharged, effective January 31, 2000, for sleeping while on duty. (Def. Reply, Ex. 1)

Following his discharge, Plaintiff sued the University of Michigan Medical Center alleging discrimination and retaliation. The Sixth Circuit affirmed summary judgment for the University because it had a legitimate reason for terminating Plaintiff after he had been caught sleeping on the job for a second time. *See generally Gant v. Univ. of Mich. Med. Ctr.*, 21 F. App'x 435 (6th Cir. 2001). This conduct was in violation of University policy and the undisputed evidence established that both black and white employees had been discharged for the same conduct. *Id.* at 436.

Plaintiff also sued his Union, AFSCME Union Local 1583 Council #25 AFL-CIO, in a separate federal court lawsuit alleging that it failed to assist him in his efforts to challenge his discharge. District Judge John Corbett O'Meara adopted the magistrate judge's report and

---

[1] This Notice of Discharge from Wiley Edwards to Plaintiff, explaining the reason for the discharge, appears to be the document that forms the basis of Plaintiff's allegations regarding Mr. Edwards in the Complaint. Thus, the Court finds that this document is incorporated by reference into the Complaint and can be considered on a motion to dismiss.

2

recommendation to grant the Union's motion to dismiss for lack of subject of subject matter jurisdiction. The court reasoned, "[the] only reasonable construction of plaintiff's complaint is that he is suing under Section 301 of the [Labor Management Relations Act] . . . for AFSCME's breach of the duty of fair representation." *Gant v. AFSCME*, No. 00-72718 (E.D. Mich. Nov. 27, 2000) (report and recommendation); *see also Gant v. AFSCME*, No. 00-72718 (E.D. Mich. Dec. 20, 2000) (order adopting report and recommendation). This statute gives the federal courts jurisdiction to decide claims involving an "employer's" breach of contract with an organization representing "employees." 29 U.S.C. § 185(a). The court found, however, that the LMRA specifically excludes political subdivisions of the state, such as the University of Michigan, from the definition of "employer," and thus, the court lacked jurisdiction over Plaintiff's claim. *Gant v. AFSCME*, No. 00-72718 (E.D. Mich. Nov. 27, 2000) (report and recommendation) (citing *Strasburger v. Board of Educ., Hardin County*, 143 F.3d 351 (7th Cir. 1998)).

Plaintiff's present Complaint again alleges that his prior employer, the University of Michigan Hospital, and his Union, AFSCME Local 1583, breached his union contract. (Compl. at 1.) Plaintiff claims that the Hospital and Union knew Plaintiff's supervisor, Wiley Edwards, was lying about Plaintiff sleeping on the job, that Edwards was not even his supervisor, and that Edwards waited 14 days before reporting the incident. (*Id*.) According to Plaintiff, Edwards was retaliating against Plaintiff for the EEOC and Civil Rights complaints he filed for failure to be promoted. (*Id*.) Plaintiff alleges that after he was discharged without just cause, "my union refuse[d] to do there [sic] job and represent me. And give me my job back with back pay." (*Id*.)

Thus, it appears that, nearly 13 years after suing the Union for failing to help him get his job back, Plaintiff has refiled a nearly identical case against Union President Gloria Peterson. Peterson

3

seeks dismissal of the Complaint on the grounds that Plaintiff has no claim under the LMRA, she was not the Union President in 2000, and Plaintiff's claim is barred by the statute of limitations. (Dkt. 15, Mot. to Dismiss.) The Court agrees that numerous reasons support dismissal of Plaintiff's Complaint as a matter of law.

## II.     ANALYSIS

### A.     Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the Plaintiff," but the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In ruling on a motion to dismiss, the Court may consider the complaint as well as documents referenced in the pleadings and central to the Plaintiff's claims, matters of which a court may properly take notice, and public documents. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551

U.S. 308, 322 (2007); *Amini* v. *Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). The Court's consideration of these documents does not require conversion of the motion to one for summary judgment. *Greenberg* v. *Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 1999).

### B. Plaintiff's Complaint States No Viable Claim

Plaintiff's Complaint does not identify any specific counts or causes of action. In his opposition to the motion to dismiss, however, Plaintiff appears to acknowledge that he is alleging breach of the duty of fair representation. (Dkt. 17, Pl. Resp. at 1.)[2]

The LMRA provides federal courts with jurisdiction over suits for violations of contracts between "an employer" and a labor organization. 29 U.S.C. § 185(a). Thus, union members may generally bring suit in federal court against a union for breaching the duty of fair representation. However, states and political subdivisions thereof are specifically exempt from the definition of "employer." 29 U.S.C. § 152(2); *Richards v. Ohio Civ. Serv. Employee's Ass'n.*, 205 F. App'x 347, 355 (6th Cir. 2006) ("[T]he LMRA expressly excludes public employers – and by association, public employees – from its coverage."). As noted, Judge O'Meara previously ruled that the University of Michigan falls within this exemption. *Gant v. AFSCME*, No. 00-72718 (E.D. Mich. Nov. 27, 2000) (report and recommendation) (citing *Strasburger v. Board of Education*, 143 F.3d. 351, 359-60 (7th Cir. 1998) and *Regents of the Univ. of Mich. v. M.E.R.C.*, 204 N.W.2d 218 (Mich. 1973)); *Gant v. AFSCME*, No. 00-72718 (E.D. Mich. Dec. 20, 2000) (order adopting report and recommendation). As a result, Plaintiff cannot assert a claim for breach of the duty of fair

---

[2] In her motion to dismiss, Peterson states that on October 24, 2012, Plaintiff filed an unlawful discharge and breach of duty of fair representation charge that was dismissed on March 15, 2013. (Mot. to Dismiss, ¶ 6.) No further details are provided, nor does Defendant attach any supporting documentation.

representation arising out of his employment with a public employer. *Id.*; *see also West v. Perry*, Nos. 95-1031/95-1033/95-1034, 1995 U.S. App. LEXIS 24662, at *3 (6th Cir. Aug. 10, 1995) (finding that plaintiff failed to state a claim against the Union under the LMRA as plaintiff "was an employee of a political subdivision of the State of Michigan" (citing *City of Saginaw v. Service Employees Int'l Union, Local 446-M*, 720 F.2d 459, 461-62 (6th Cir. 1983)); *Rathbun v. International Union of Operating Engrs, Local 943*, No. 80-3343, 1983 U.S. App. LEXIS 12735, at *5 (6th Cir. July 22, 1983) (finding the district court lacked jurisdiction over plaintiff's LMRA claim because the defendant city school district, a political subdivision of the State of Ohio, fell within an exception to the section 152(2) definition of employer).

Plaintiff's claim fares no better against the Union President. Section 301 of the LMRA provides:

> Any such labor organization may sue or be sued as an entity and on behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

29 U.S.C. § 185(b). Thus, "[i]t is well settled that section 301 provides the basis for an action for breach of the duty of fair representation only against a union as an entity, and not against individuals who happen to hold positions in that union." *Carter v. Smith Food King*, 765 F.2d 916, 920-21 (9th Cir. 1985) (citations omitted); *see also Burrell v. Henderson*, 483 F. Supp. 2d 595, 600 (S.D. Ohio 2007) ("It is well-settled case law that officers of labor unions cannot be held liable under § 301 of the LMRA in their individual capacity. Rather, 'section 301 only provides for actions against a union and not against individuals working on behalf of the union.'") (citing cases). Thus, Plaintiff has no claim against Gloria Peterson. *See Rathbun*, 1983 U.S. App. LEXIS 12735, at *5 (affirming

6

dismissal of claim of breach of the duty of fair representation against the president of the union).

Additionally, other than naming Peterson in the caption, Plaintiff's Complaint makes no mention of her.  There are no allegations concerning her conduct or role with respect to Plaintiff's termination and no allegation that she was even the Union President at the relevant time.[3]  It is a basic pleading essential, however, that a plaintiff attribute factual allegations to particular defendants.  *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Indeed, "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed , even under the liberal construction to be given pro se complaints."  *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).  The Sixth Circuit law is in accord:

> Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, 238 F.3d 421 [published in full-text format at 2000 U.S. App. LEXIS 30782], 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, 904 F.2d 708, 1990 WL 82722, at *1 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.") . . . .

---

[3] Defendant explains that Peterson did not become the President until 2006.  (Mot. to Dismiss, ¶ 16.)

*Cameron v. Howes*, No. 10-539, 2010 U.S. Dist. LEXIS 102122, at *17-18 (W.D. Mich., Sept. 28, 2012). For this reason as well, Plaintiff has failed to state a claim against Peterson.[4]

### III. CONCLUSION

For the reasons stated, this Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

### IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596–97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

---

[4] Because no further reasons for dismissal are needed, the Court declines to address Defendant's statute-of-limitation argument. The Court adds, however, that Plaintiff's claim against the Union President that mirrors his prior claim against the Union is undoubtedly barred by the doctrines of res judicata or collateral estoppel. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995); *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996).

filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                    s/Laurie J. Michelson
                    LAURIE J. MICHELSON
                    UNITED STATES MAGISTRATE JUDGE

Dated: September 5, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 5, 2013.

                    s/Jane Johnson
                    Deputy Clerk